# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ARMSTRONG,<br><br>            Petitioner,<br><br>     v.<br><br>JAMES HARTLEY,<br><br>            Respondent._____/ | 1:09-cv-01213-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 21] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation for his 1982 conviction of first degree murder.  Petitioner is serving a sentence of twenty-five-years to life.

Petitioner filed the instant petition for writ of habeas corpus on July 13, 2009.  (Court Doc. 1.)  Pursuant to this Court's order, Petitioner filed an amended petition on December 4, 2009.  (Court Doc. 15.)

On February 8, 2010, Respondent filed a motion to dismiss the petition as unexhausted, time-barred, not cognizable, and lack of standing.  (Court Doc. 21.)  Petitioner filed an opposition on April 16, 2010, and Respondent filed a reply on May 21, 2010.  (Court Docs. 24, 28.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.  the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

1  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

2  Additionally, the petitioner must have specifically told the state court that he was raising a

3  federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

4  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

5  violated his due process rights "he must say so, not only in federal court but in state court."

6  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

7  insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

8  Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

9  that the "due process ramifications" of an argument might be "self-evident."); Gray v.

10 Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

11 must include reference to a specific federal constitutional guarantee, as well as a statement of the

12 facts which entitle the petitioner to relief.").

13         Additionally, the petitioner must have specifically told the state court that he was raising

14 a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

15 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

16 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

17 Supreme Court reiterated the rule as follows:

18         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
   of state remedies requires that petitioners "fairly presen[t]" federal claims to the
19 state courts in order to give the State the "'opportunity to pass upon and correct
   alleged violations of the prisoners' federal rights"' (some internal quotation marks
20 omitted). If state courts are to be given the opportunity to correct alleged violations
   of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
21 are asserting claims under the United States Constitution. If a habeas petitioner
   wishes to claim that an evidentiary ruling at a state court trial denied him the due
22 process of law guaranteed by the Fourteenth Amendment, he must say so, not only
   in federal court, but in state court.
23

24 Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

25         Our rule is that a state prisoner has not "fairly presented" (and thus
   exhausted) his federal claims in state court *unless he specifically indicated to*
26 *that court that those claims were based on federal law*. See Shumway v. Payne,
   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
27 Duncan, this court has held that the *petitioner must make the federal basis of the*
   *claim explicit either by citing federal law or the decisions of federal courts, even*
28 *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889

3

> (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>   In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner raises the following claims in his amended petition: (1) there was not some evidence to support the Board of Parole Hearings January 11, 2008, decision denying his release; (2) the Board's continued denial of parole constitutes cruel and unusual punishment; (3) the Board's denial was based on a no-parole policy; and (4) the Board's denial is based upon California statutes that are "uncertain" and "void on its face." (Amended Petition, at 5-6.)

All of Petitioner's claim arise out of a parole hearing that took place on January 11, 2008, however, in his petition filed in the California Supreme Court Petitioner never referenced the 2008 parole hearing as the basis for any part of his challenges. Indeed, this Court dismissed the original petition with leave to amend because Petitioner failed to indicate the specific parole decision he was challenging. Accordingly, all of the instant claims are unexhausted as the claims presented to this Court arise out of and are in relation to the 2008 hearing-which forms the basis for this Court's jurisdiction. Thus, if the claims were not presented to this Court in reference to the 2008 hearing, this Court could not review such claims as it is without jurisdiction to issue an advisory opinion based on hypothetical facts. Because Petitioner did not allege the operative facts upon which his challenges are based his claims are unexhausted. See e.g. Kelly v. Small, 315 F.3d 1063, 1069 (9th Cir. 2003) ("A thorough description of the operative facts before the highest state court is a necessary prerequisite to satisfaction of the standard . . . that a federal habeas petitioner [must] provide the state courts with a fair opportunity to apply controlling legal

4

precedent to the facts bearing upon his constitutional claim."). Therefore, the instant petition should be dismissed without prejudice.[1,2]

C.       No Standing to Challenge Proposition 9 as Ex Post Facto Violation

Petitioner claims that the implementation of Proposition 9 in November 2008, violates the Ex Post Facto Clause because it renders sections 3041 and 2402 unconstitutional by significantly increasing his risk of longer incarceration. On November 4, 2008, the California voters approved Proposition 9 (entitled Victims' Rights in Parole Proceedings), which amends California Penal Code section 3041.5 to permit the Board to defer subsequent parole consideration hearings for longer periods than those provided in the former statute. See Cal. Penal Code § 3041.5.

Petitioner has not and can not demonstrate injury by the passage of Proposition 9. Petitioner had a subsequent parole hearing in January 2008-ten months prior to the passage of Proposition 9. At that time, California Penal Code section 3041.5 permitted parole officials to defer an inmate's subsequent parole suitability for a maximum of five years, if it was determined there was no reasonable probability the inmate would be deemed suitable for parole in the interim period. Cal. Penal Code § 3041.5(b)(2)(B). At the 2008 hearing, the Board determined that the next suitability hearing should be deferred for the maximum time of five years. (Exhibit 3, to Motion.) Therefore, the amendment to the statute has not been applied to Petitioner and he has not suffered any concrete and particularized injury. See Lujan, 504 U.S. at 560; see also Matter of Extradition of Lang, 905 F.Supp. 1385, 1397 (C.D. Cal. 1995) (mere unconstitutionality of statute does not create standing as plaintiff must claim some particularized injury resulting from application of statute). Nor has the passage of Proposition 9 adversely

---

[1] Because this Court has found that all of the claims in the instant petition are unexhausted, there is no basis upon which this Court could stay the petition. In Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006), the Ninth Circuit expressly declined to extend the Rhines v. Weber, stay-and-abeyance procedure to petitions that contain ly unexhausted claims. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Therefore, the Court finds that it does not have the power to stay and hold in abeyance a petition that contains only unexhausted claims.

[2] Because the claims in the instant petition are unexhausted, the Court does not reach Petitioner's additional arguments.

1  implicated the fact or duration of his sentence.  See Preiser v. Rodriguez, 411 U.S. 475, 485-486
2  (writ of habeas corpus not available unless claims implicate the fact or duration of confinement);
3  Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005) (same); Nelson v. Campbell, 541 U.S. 637, 643
4  (2004) (same).  Accordingly, Petitioner does not have standing to challenge Proposition 9 as an
5  ex post facto violation.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the amended petition be GRANTED for the reasons set forth herein; and
2. The instant petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  May 27, 2010                    /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE